IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JIMMY WHITE                                                                                                        PLAINTIFF

vs.                                         Civil No. 4:14-cv-04133

CAROLYN W. COLVIN                                                                                         DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Jimmy White ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed an application for DIB on January 27, 2012.  (Tr. 75, 176-177). Plaintiff alleged he was disabled due to lower lumbar stenosis and bulging disc in his back.  (Tr. 220).  Plaintiff alleged an onset date of January 16, 2012. (Tr. 75, 176).  This application was denied initially and again upon reconsideration.  (Tr. 75, 123-128).  Thereafter, Plaintiff requested an

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

administrative hearing on his application and this hearing request was granted. (Tr. 133).

Plaintiff's administrative hearing was held on April 23, 2013. (Tr. 98-122). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Mary May testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-nine (49) years old and had a GED. (Tr. 102-103).

On May 16, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 75-93). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2016. (Tr. 77, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 16, 2012. (Tr. 78, Finding 2).

The ALJ determined Plaintiff had the severe impairment of degenerative disc disease, joint disease of the lumbar spine, and obesity. (Tr. 78, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 83, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 84-89). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform sedentary work, except he is unable to climb ladders, ropes, or scaffolds; can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl; should avoid hazards such as unprotected heights, fast-moving machinery, sharp objects, and open flames; and should avoid cold temperature extremes and concentrated exposure to vibration. (Tr. 84-85, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 89, Finding 6). The

ALJ found Plaintiff unable to perform his PRW.  *Id.*  The ALJ however determined there was other work existing in significant numbers in the national economy Plaintiff could perform.  (Tr. 91, Finding 10).  The VE testified at the administrative hearing regarding this issue.  (Tr. 119-121).  Based upon that testimony, the ALJ determined Plaintiff retained the ability to perform other work such as a bench assembler with 2,700 such jobs in the Arkansas and 900,000 such jobs in the nation, band attacher with 4,400 such jobs in the Arkansas and 235,000 such jobs in the nation, and nut sorter with 6,200 such jobs in the Arkansas and 434,000 such jobs in the nation.  (Tr. 92).  Given this, the ALJ determined Plaintiff had not been under a disability as defined in the Act from January 16, 2012 through the date of his decision.  (Tr. 92, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision.  (Tr. 70).  *See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this unfavorable decision. (Tr. 3-6).  On October 2, 2014, Plaintiff filed the present appeal. ECF No. 1.  The Parties consented to the jurisdiction of this Court on October 3, 2014.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 8, 9.  This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

3

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 8, Pg. 13-19. Specifically, Plaintiff claims the ALJ erred: (1) in failing to find Plaintiff met a Listing, (2) in failing to give proper treatment to the opinions of Plaintiff's treating physician, (3) in the RFC determination of Plaintiff, and (4) in failing to submit a proper hypothetical. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 9. Because this Court finds the ALJ erred in the treatment of the opinions of a treating physician, this Court will only address this issue.

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320,

1324-25 (8th Cir. 1996)).

On February 28, 2012, Dr. Steven Cathey with Central Arkansas Neurosurgery Clinic, wrote to Dr. Mark Gabbie regarding his exam of Plaintiff. (Tr. 254-255). Dr. Cathey indicated the Plaintiff had been plagued by chronic low back pain with radiation into his left hip and leg for two years following an occupational injury on March 18, 2010. *Id.* Dr. Cathey noted Plaintiff had a depressed affect and walked with a limp. *Id.* Dr. Cathey was unable to review Plaintiff's MRI scan because the disc would not open on his computer system. Even so, Dr. Cathey indicated Plaintiff would not benefit from neurosurgical intervention and was at maximum medical improvement. *Id.* Dr. Cathey stated it was reasonable for Plaintiff to file for disability, as he did not feel the problem would get better with age. *Id.*

In discussing Dr. Cathey's opinions, the ALJ stated Dr. Cathey's opinions were entitled to little evidentiary weight. (Tr. 88). The ALJ felt Dr. Cathey's limitations were inconsistent with other findings. *Id*. The ALJ gave no further analysis of why he gave Dr. Cathey's limitations less weight.

In May of 2012, after reviewing Plaintiff's MRI, Drs. Alo and Lee at the North American Spine Institute both recommended surgery that would include a laminectomy at L3-4 and L4-5. (Tr. 297). Plaintiff had bulging discs from L3-S1 and severe stenosis. *Id.* Dr. Alo was concerned with a large bulge at the L3-4 level and at L4-5. *Id.* The ALJ failed to discuss these findings in his decision.

The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions. *See Brown v. Astrue,* 611 F.3d 941, 951-52. However, when an ALJ determines that a treating physician's opinion should be discounted, "he should give good reasons for doing so." *Id.* (internal quotation and citation omitted). In this

matter, the ALJ's complete lack of analysis and review certainly does not amount to "good reasons" for discounting Dr. Cathey's findings. *See Brown,* 611 F.3d at 951-52. The ALJ has completely failed to discuss and analyze the opinions of Drs. Cathey other than to say they are inconsistent with the medical record. Further, the ALJ completely ignored Drs. Alo and Lee's findings.

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinions of Plaintiff's treating physicians. Because the ALJ did not properly review the opinions of Plaintiff's treating physician, this case should be reversed and remanded for proper review and analysis of these opinions.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **19th day of June 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE